## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN HUMPHREY LEFKOW | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 6873 | DATE | DEC 1 9 2003 |
| CASE TITLE | Cleveland Seamon, Jr. (CCDOC #20030004812) v. Jim O'Brien, et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Upon review of the complaint pursuant to 28 U.S.C. § 1915A, the court dismisses defendants Jeff Cavender and "Unknown Named Orland Park Police Officer." The clerk shall issue summons to defendant O'Brien and the U.S. Marshal is appointed to serve him. The Marshal may request waiver of service in accordance with Fed.R.Civ.P. 4(d)(2) before attempting personal service. The clerk shall send plaintiff a Notice of Availability of a Magistrate Judge and Instructions for Submitting Documents along with a copy of this order.

(11) ■ For further detail see order attached to the original minute order.

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 12/22/03 date docketed | |
| ✓ | Docketing to mail notices. | | | 5 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| KS | courtroom deputy's initials | 03 DEC 19 AM 7:02 U.S. DISTRICT COURT CLERK Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

CLEVELAND SEAMON, JR., )
)
Plaintiff, )
)  No. 03 C 6873
v. )
)  Judge Joan H. Lefkow
JIM O'BRIEN, et al., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Cleveland Seamon, Jr., a detainee at the Cook County Jail, filed this *pro se* suit under 28 U.S.C. §§ 1983 and 1985 against Oak Lawn, Illinois, police officers who searched his car and arrested him, and Orland Park, Illinois, police officers who subsequently took custody of him and charged him with burglary. As required by 28 U.S.C. § 1915A, the court conducts an initial review of the complaint to determine whether any portion is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. In determining whether the complaint states a claim upon which relief may be granted, the court accepts the allegations of the complaint as true, drawing all reasonable inferences in the plaintiff's favor. *Wynn v. Southward*, 251 F.3d 588, 591-92 (7th Cir. 2001).

Seamon alleges that early in the morning of November 29, 2002, he was stopped for speeding and driving erratically by defendant Jim O'Brien, an officer of the Oak Lawn Police Department. O'Brien conducted a pat-down search and discovered a screwdriver and pliers in an inner pocket of Seamon's jacket. Seamon told O'Brien he had used them to fix a loose battery cable. In checking Seamon's license and vehicle registration, O'Brien found no pending warrants, but did discover that Seamon was on parole. O'Brien called for assistance, and three other Oak Lawn officers arrived on the scene. The officers searched Seamon's car, found "various automobile appliances and a cash-drawer" in the trunk, and arrested Seamon. Seamon has named the other Oak Lawn officers as defendants, although he does not know their names.

At the Oak Lawn police station, Seamon was told that "he had been written multiple traffic citations" and was being held for investigation. Suspecting the items in Seamon's trunk were stolen, the Oak Lawn police made inquiries. The next day, defendants Jeff Cavender and another

detective from the Orland Park, Illinois police department came to the Oak Lawn police station to question Seamon concerning a burglary of an "oil-exchange" store. When Seamon refused to speak with the detectives, they took him the Orland Park police station. After Seamon again refused to speak with the detectives, he was told he was under arrest for the burglary. Seamon does not state what the disposition of the burglary charge was, or if it is still pending.

We first consider the search of Seamon's car and his arrest by the Oak Lawn officers. Seamon does not claim that O'Brien lacked probable cause to stop him for one or more traffic violations. A person may be taken into custody for a traffic violation, and when a custodial arrest is made, the suspect's car, including the trunk, may properly be searched. However, if a custodial arrest is *not* made on the basis of the traffic violation, the fact that the police have probable cause to believe the driver has committed a traffic violation does not justify a full search of the vehicle. See *Ochana v. Flores*, 347 F.3d 266, 270 (7th Cir. 2003)(citing *Knowles v. Iowa*, 525 U.S. 113 (1998)). Construing the complaint in Seamon's favor, O'Brien arrested Seamon only after the allegedly unlawful search disclosed the suspicious items in the trunk of Seamon's car.

Seamon's complaint contains much unnecessary legal argument (*any* legal argument is unnecessary in a complaint), but he is correct that a warrantless search of a car trunk ordinarily requires probable cause -- facts known to the police that would justify the issuance of a warrant, even though no warrant was obtained. *Maryland v. Dyson*, 527 U.S. 465, 466-67. Probable cause justifying a search of a vehicle is defined as a "fair probability" that contraband or evidence of a crime will be found. *Luellen v. City of East Chicago*, ___ F.3d ___, 2003 WL 22706222 at *5 (7th Cir. Nov. 18, 2003); *United States v. Ledford*, 218 F.3d 684, 688 (7th Cir. 2000).

The court adds the word "ordinarily," however, because Seamon states he was on parole, a fact known to O'Brien. Under Illinois law, a person on parole or mandatory supervised release, although not incarcerated, legally remains in the custody of the Illinois Department of Corrections until the expiration of his sentence. 730 ILCS 5/3-14-2. That fact is relevant to the reasonableness of a search or seizure under the Fourth Amendment, and reasonable suspicion, a lesser standard than probable cause, may justify searching the trunk of Seamon's car. See *United States v. Knights*, 534 U.S. 112, 119-21 (2001); *Knox v. Smith*, 342 F.3d 651, 657 (7th Cir. 2003). Nevertheless, because it is possible that O'Brien lacked even a reasonable suspicion that the trunk

2

of Seamon's car concealed evidence of criminal activity, Seamon may proceed against O'Brien and the unknown-named Oak Lawn officers.[1]

Seamon also claims the Orland Park police officers are liable for conspiring with the Oak Lawn officers to deprive him of his constitutional rights. This claim is frivolous. Assuming that the search of Seamon's car violated his Fourth Amendment right against unreasonable searches and seizures, any "agreement" creating a "conspiracy" had to have occurred *after* the search and arrest, and the Orland Park officers cannot be liable. It appears that there was an understanding between the Oak Lawn and Orland Park police departments (although not necessarily these particular officers) that the Orland Park police would assume responsibility for Seamon's custody, the investigation of his suspected crimes, and the presentation of the evidence to the Cook County State's Attorney so that charges could be filed. But there was neither a new search nor a new arrest, and consequently no possible Fourth Amendment violation in which the Orland Park officers could have been complicit.

Seamon's real claim appears to be that the Orland Park officers violated his right not to be prosecuted on the basis of evidence they knew to have been unlawfully seized, a claim analogous to the common-law tort of malicious prosecution. Such a claim fails for two reasons. First, the constitutional claim under § 1983 corresponding to malicious prosecution is a claim that the defendant's conduct denied the plaintiff some right guaranteed criminal defendants by the Due Process Clause, such as a fundamentally fair trial. *See Ienco v. City of Chicago,* 286 F.3d 994, 999-1000 (7th Cir. 2002); *Newsome v. McCabe,* 256 F.3d 747, 750-53 (7th Cir. 2000). While due process requires that police officers not withhold exculpatory evidence or misrepresent inculpatory evidence in presenting their case to prosecutors, police officers are hardly required to make independent legal judgments and withhold evidence they believe might have been improperly acquired.

Second, such a claim, like a state-law claim for malicious prosecution, only accrues *after* the related criminal proceedings have terminated in the plaintiff's favor, even though in the case of a constitutional claim, unlike a state-law claim, it may not be necessary that the termination have

---

[1] Because Seamon is currently in Cook County Jail, it appears the burglary charge is still pending. If criminal charges are pending relating to the arrest and search alleged in the complaint, this action will be stayed as required by *Younger v. Harris,* 401 U.S. 37 (1971). *See Simpson v. Rowan,* 73 F.3d 134, 138 (7th Cir. 1995).

been indicative of actual innocence. See *Ienco*, 286 F.3d at 299 n.6; *Newsome*, 256 F.3d at 752. Nothing in the complaint, however, suggests that the burglary charge has been resolved in Seamon's favor.

The court accordingly dismisses the Orland Park officers from this suit, and Seamon may proceed only against O'Brien, and, when he can identify them, the other Oak Park officers who participated in the allegedly unlawful search. The clerk is directed to issue summons to O'Brien and the United States Marshal is appointed to serve him. The Marshal is authorized to request waiver of service in accordance with Fed.R.Civ.P. 4(d)(2) before attempting personal service.

Seamon is instructed to file all papers concerning this action with the clerk of court in care of the prisoner correspondent. Seamon must send an exact copy of any filing to defendants, or to defendants' counsel if defendants are represented by counsel. Seamon must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Papers sent directly to the judge or that otherwise fail to comply with these instructions may be disregarded or returned.

IT IS SO ORDERED.

Joan H. Lefkow, Judge
United States District Court

DATED: DEC 1 9 2003

4